UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KRISTIN BECKWITH,

                        Plaintiff,

v.                                                 6:15-CV-0246 (GTS)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                        Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON       STEVEN R. DOLSON, ESQ.
  Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION        DAVID L. BROWN, ESQ.
OFFICE OF GEN. COUNSEL–REGION II       SUSAN J. REISS, ESQ.
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this Social Security action filed by Kristin Beckwith ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") seeking Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. §§ 405(g) and 1383(c), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 14, 17.) For the reasons set forth below, Plaintiff's motion is denied and Defendant's cross-motion is granted.

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

Plaintiff was born on January 23, 1977. He completed a high school education. His employment history consists of work as a home health aide, a gas station cashier, a transporter, and a resident counselor. Generally, his alleged disability consists of the following: obesity, high blood pressure, asthma, sleep apnea, irregular heartbeat, back pain, leg pain, anxiety, and depression. Plaintiff's alleged disability onset date is June 1, 2010.

   B.  **Relevant Procedural History**

On October 31, 2012, Plaintiff applied for DIB and SSI under Titles II and XVI. His application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On November 12, 2013, Plaintiff appeared before the ALJ, Joseph Brinkley. (T. 25.) On January 31, 2014, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 21.) On January 28, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-3.) Thereafter, Plaintiff timely sought judicial review in this Court.

   C.  **The ALJ's Decision**

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 14.) First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2010, the alleged onset date. (*Id.*) Second, the ALJ found that Plaintiff had the following severe impairments: morbid obesity, hypertension, asthma/allergies, sleep apnea, irregular heartbeat, back/leg pain, and anxiety/depression. (*Id.*) Third, the ALJ found that Plaintiff's impairments do not meet or equal the severity of the listed impairments in

20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (T. 15.) Fourth, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except that Plaintiff (1) can occasionally reach overhead with bilateral upper extremities, climb ramps or stairs, and balance, stoop, or kneel, (2) can never climb ladders, ropes, or scaffolds, crouch, or crawl, (3) must avoid concentrated exposure to work hazards including dangerous machinery, unprotected heights, uneven terrain, and small boxes laying in the open space of a work station, (4) must avoid concentrated exposure to jobs requiring bilateral depth perception, (5) must avoid concentrated exposure to opening doors, irritants, odors, gases, dusts, etc., as well as extreme heat and cold, wetness, and humidity, and (6) is limited to simple, routine, repetitive tasks, superficial contact with the public, and low stress. (T. 17.) Fifth, the ALJ found Plaintiff unable to perform his past relevant work. (T. 19.) Sixth, and finally, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and therefore found him not disabled. (T. 20-21.)

## II. THE PARTIES' BRIEFINGS ON THE ALJ'S DECISION

### A. Plaintiff's Arguments

Generally, Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues that the ALJ failed to properly apply the treating physician rule by failing to give controlling weight to the opinion of Dr. Vivienne Taylor, M.D. (Dkt. No. 14 at 3-4 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ improperly substituted his own opinion for that of a medical professional (Dr. Elke Lorenson) when the ALJ found a limitation to Plaintiff's overhead reaching but not to Plaintiff's reaching in general. (*Id.* at 4-5.)

B.  **Defendant's Arguments**

Generally, Defendant makes three arguments in support of her cross-motion for judgment on the pleadings. First, Defendant argues that the ALJ properly applied the treating physician rule, because Dr. Taylor's opinions are not entitled to controlling weight. (Dkt. No. 17 at 6-12 [Def.'s Mem. of Law].) Second, Defendant argues that the ALJ properly considered Plaintiff's reaching ability, because Dr. Lorenson's opinions are not supported by the overall medical record. (*Id.* at 12-14.) Third, Defendant argues that the ALJ's decision is supported by substantial evidence. (*Id.* at 5-6.)

## III.  RELEVANT LEGAL STANDARDS

A.  **Standard of Review**

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work

> activities. If the claimant suffers such an impairment, the third inquiry is
> whether, based solely on medical evidence, the claimant has an
> impairment which is listed in Appendix 1 of the regulations. If the
> claimant has such an impairment, the [Commissioner] will consider him
> disabled without considering vocational factors such as age, education,
> and work experience; the [Commissioner] presumes that a claimant who is
> afflicted with a "listed" impairment is unable to perform substantial
> gainful activity. Assuming the claimant does not have a listed
> impairment, the fourth inquiry is whether, despite the claimant's severe
> impairment, he has the residual functional capacity to perform his past
> work. Finally, if the claimant is unable to perform his past work, the
> [Commissioner] then determines whether there is other work which the
> claimant could perform. Under the cases previously discussed, the
> claimant bears the burden of the proof as to the first four steps, while the
> [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Whether the ALJ Failed to Properly Apply the Treating Physician Rule

After careful consideration, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 17.) To those reasons, the Court adds the following analysis.

As stated above in Part II.A. of this Decision and Order, Plaintiff argues that the ALJ did not follow the treating physician rule contained in 20 C.F.R. § 404.1527(c)(2). (Dkt. No. 13 at 15 [Pl.'s Mem. of Law].) That regulation states in part that the ALJ shall give a treating source's opinion "controlling weight" if it is supported by "medically acceptable clinical and laboratory diagnostic techniques," and is "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). If the opinion is not afforded controlling weight, the ALJ must determine the proper weight to afford it by considering (1) the length, nature, and extent of the treatment relationship, (2) how well the medical source supports his or her opinion with

evidence, (3) how consistent the opinion is with regard to the entire record, (4) whether the source had a relevant specialization, and (5) any other relevant factors. 20 C.F.R. § 404.1527(c). When assigning weight to the opinion of a medical source other than a treating physician, an ALJ must still consider the opinion's supportability, its consistency with the record, the medical source's specialization, any examining relationship that existed, and any other relevant evidence. 20 C.F.R. § 404.1527(c)(1)-(6). More Specifically, Plaintiff argues that the ALJ should have given controlling weight to the opinion of Dr. Vivienne Taylor, MD. (Dkt. No. 14 at 3-4 [Pl.'s Mem. of Law].)

Dr. Taylor is a Physician at the Rome Medical Group where Plaintiff was treated. From the beginning of Plaintiff's treating relationship with Rome Medical Group until after Plaintiff applied for disability, treatment notes indicate that Plaintiff denied or failed to mention any back or knee pain. (T. 274-98, 310-16.) Dr. Taylor herself failed to mention any pain symptoms or difficulty sitting or standing in her own treatment notes. (T. 284.)

Then, a month after Plaintiff applied for disability benefits, Plaintiff visited the office to have disability paperwork filled out. (T. 308.) That visit was the first one at which Plaintiff complained of back pain; moreover, he reported that it had existed for five years, despite its absence from any of his previous visits. (*Id.*) He received a new prescription for a new diagnosis: pain in the lower back. (T. 309.)

Thereafter, Plaintiff began to report back pain at his checkups. (T. 418, 423.) However, his reports were inconsistent: in March of 2013, Rome Medical Group treatment notes are again silent as to this back pain. (T. 421.) Although Plaintiff was treated by multiple doctors at Rome Medical Group, his back pain appears only in the reports of Dr. Taylor, and only after he applied for disability.

7

On October 21, 2013, Dr. Taylor filled out a Physical RFC Questionnaire. (T. 437-41.) In that document, Dr. Taylor noted for the first time in her treatment of Plaintiff that he has difficulty getting from a sitting to a standing position. (T. 437.) This difficulty does not appear in any treatment notes. Knee pain likewise is absent from any of the treatment notes. Nevertheless, Dr. Taylor opined that Plaintiff's pain would frequently interfere with his attention and concentration, and that he is unable to sit for more than four hours. (T. 438.) Dr. Taylor also opined that Plaintiff cannot lift even 10 pounds. (T. 439.) None of Dr. Taylor's opinions as to Plaintiff's limitations are supported by the longitudinal treatment records from her place of business.

Furthermore, other substantial evidence–specifically, Plaintiff's own testimony–contradicts Dr. Taylor's findings. Plaintiff testified that he did not have any sitting limitations. (T. 39.) He testified that he could lift a gallon of milk if needed. (T. 45.) He also denied having problems rising from a chair. (T. 40.)

Finally, on February 28, 2013, Dr. Taylor submitted a letter, the entire body of which states as follows: "The above patient is totally disabled given morbid obesity, impaired vision and anxiety/depression." (T. 434.) This opinion is a conclusion of law reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(1). Therefore, this opinion is entitled to no weight and the ALJ did not err by disregarding it. *Snell v. Apfel*, 144 F.3d 128, 133 (2d Cir. 1999).

For these reasons, the Court finds that Dr. Taylor's opinions are not supported by medically acceptable clinical and laboratory diagnostic techniques and are not consistent with other substantial evidence. Therefore, the opinions are not entitled to controlling weight under the treating physician rule, and the ALJ did not err in assigning them the weight he did.

B. **Whether the ALJ Improperly Modified a Medical Opinion**

After careful consideration, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 17.) To those reasons, the Court adds the following analysis.

As stated above in Part II.A. of this Decision and Order, Plaintiff argues that the ALJ modified the opinion of Dr. Elke Lorenson, a consultative examiner, in rendering his RFC determination. (Dkt. No. 14 at 4 [Pl.'s Mem. of Law].) Dr. Lorenson opined, in part, that Plaintiff had moderate restrictions in reaching. (T. 407.) Plaintiff argues that the ALJ improperly modified this opinion when he found that Plaintiff's RFC contained a restriction for only *overhead* reaching. (Dkt. No. 14 at 4 [citing T. 17].)

However, the ALJ noted Dr. Lorenson's unqualified reaching restriction in his analysis, stating that "Dr. Lorenson opined that the claimant has moderate restrictions on bending, lifting and reaching secondary to obesity and back pain." (T. 19.) Moreover, an ALJ is not required to adopt a medical opinion in whole, but rather "he [is] entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 [1971] ["We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict."]).

Here, there is substantial evidence that conflicts with Dr. Lorenson's unqualified reaching restriction. For example, in the same examination, Dr. Lorenson found that Plaintiff had a full range of motion in his shoulders, elbows, forearms, and wrists. (T. 407.) This finding is consistent with Plaintiff's treatment records, which also indicate a full range of motion. (T.

9

275.) Moreover, Dr. Taylor, Plaintiff's treating physician, opined that Plaintiff did not have significant limitations in reaching. (T. 440.) Finally, Plaintiff himself indicated in his Disability Function Report that he had no problems with reaching. (T. 203.)

For all these reasons, the ALJ did not act improperly when he qualified the unsupported and contradictory opinion of Dr. Lorenson with regard to Plaintiff's reaching restriction. Had the ALJ instead found no restriction in reaching, such a decision would still have been supported by substantial evidence. His decision to give some credence to an unsubstantiated opinion in favor of the claimant is therefore within his prerogative as an ALJ, who must resolve inconsistencies in the medical evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("The trier of fact has the duty to resolve [conflicting medical evidence].").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Defendant's cross-motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: April 19, 2016
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge